UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO.  05-360 (HHK) |
|---|---|---|
| v | : | |
| ERIK GINYARD | : | |

**GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTIONS PURSUANT TO RULE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of defendant's prior convictions for impeachment purposes should the defendant elect to testify at trial in the above-captioned case. In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1. The defendant has been charged in a three-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year; Assault with a Dangerous Weapon; and Possession of a Firearm During the Commission of a Crime of Violence or Dangerous Offense. The defendant's prior convictions are as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| Assault with Intent to Kill while Armed | F-9115-97 | Washington, DC | 15 years incarceration | 3/26/03 |
| Aggravated Assault while Armed | F-9115-97 | Washington, DC | 15 years incarceration | 3/26/03 |
| Possession of a Firearm During the Commission of a Crime of Violence or Dangerous Offense | F-9115-97 | Washington, DC | 15 years incarceration | 3/26/03 |

| | | | | |
|---|---|---|---|---|
| Carrying a Pistol without a License (outside home or place of business) | F-9115-97 | Washington, DC | 15 years incarceration | 3/26/03 |
| Carrying a Dangerous Weapon | F-8583-97 | Washington, DC | 5 years incarceration | 6/5/98 |
| Robbery | F-8583-97 | Washington, DC | 7 years incarceration | 6/5/98 |

    2.      Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant. Here, the defendant's convictions clearly qualify and meet the requirements of Rule 609(b).

    3.      In evaluating whether the probative value of these convictions outweighs their prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

    4.      As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct

testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. Id. at 943, 947. The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, Id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. Id. at 950.[1]

    5.    Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the prior convictions in assessing that credibility clearly outweighs whatever prejudice there may be to the defendant –

---

[1] To be sure, the Court in Lewis acknowledged that in a narcotics prosecution, a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions. Id. at 951. Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice. While Lewis might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test. Lipscomb, 702 F.2d at 1058, n.35 (en banc).

particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the government's motion to impeach the defendant's credibility with his prior convictions should he testify at trial.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

Tonya Sulia
Assistant United States Attorney
Narcotics Section
555 4th Street, N.W.  #4243
Washington, DC 20001
(202) 305-2195; fax (202) 353-9414

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-360 (HHK)** |
| | : | |
| v | : | |
| | : | |
| **ERIK GINYARD** | : | |

### ORDER

WHEREUPON, having considered the United States' Motion to Impeach Defendant with His Prior Convictions Pursuant to Rule 609, and the arguments contained therein, it is hereby

**ORDERED** that the United States' motion is hereby GRANTED.

_____  _____
DATE                                                                  HENRY H. KENNEDY
                                                                               U.S. DISTRICT COURT JUDGE

Copies to:

Tonya Sulia, AUSA
U.S. Attorney's Office
555 4th St., N.W.
Room 4243
Washington, DC 20530

Lara Quint, Esq.
Federal Public Defender
625 Indiana avenue, N.W.
Suite 550
Washington, D.C. 20004